IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| EDWARD CHARLES TUCKER #1495137 | § | |
| VS. | § | CIVIL ACTION NO. 6:21cv249 |
| JEFFREY M. HOLT, et al. | § | |

<u>REPORT AND RECOMMENDATION</u>
<u>OF THE UNITED STATES MAGISTRTE JUDGE</u>

Plaintiff Edward Charles Tucker, an inmate of the Texas Department of Criminal Justice (TDCJ), *pro se*, filed this complaint under 28 U.S.C. § 1983 complaining of alleged violations of his constitutional rights in prison. The lawsuit was referred to the undersigned United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Before the Court is the motion by Defendant Spangler for summary judgment on the claims against him due to Plaintiff's failure to exhaust administrative remedies. (Dkt. #33.) Plaintiff has had ample opportunity to respond to the motion, which he did not do, and it is ripe for review. For the reasons explained below, the undersigned recommends that the motion be granted and that Defendant Spangler be granted summary judgment.

**I. Background**

Plaintiff alleges in his amended complaint that Officer Jeffrey Holt used unreasonable force against him on November 26, 2020, by spitting tobacco in his face and eyes in TDCJ's Hodge Unit. (Dkt. #8 at 4.) He alleges that the substance caused burning, swelling, and irritation to his eyes, and that he needed to go to medical to have his eyes "flushed out." (*Id.*) But, according to the amended complaint, Officer Holt and Sergeant Mason Spangler refused him access to medical

1

treatment. (*Id.*) Finally, Plaintiff alleges that Spangler and Lori Glover refused or simply failed to "collect the evidence," i.e., his t-shirt, for investigation of Holt's actions. (*Id.*) He named Holt, Spangler, and Glover as defendants and sought compensatory damages of $50,000 from "each defendant jointly and severally," plus unspecified punitive damages. (*Id.*)

On October 26, 2021, the Court found that Plaintiff's claim of failure to collect evidence for investigation failed to state a claim for which relief could be granted and dismissed Glover from this action. (Dkt. ##15, 10.) Defendants Holt and Spangler were ordered to appear and respond to Plaintiff's amended complaint. (Dkt. #9.) Both Defendants filed answers. (Dkt. ##19, 28.)

Defendant Spangler filed his motion for summary judgment for failure to exhaust administrative remedies, along with relevant exhibits, on January 3, 2022. (Dkt. ##33, 34.) The Court set a deadline of February 28, 2022, for Plaintiff to respond to the motion. (Dkt. #40.) Plaintiff has not responded.

## II. Defendant's Motion and Supporting Evidence

Defendant Spangler asserts that Plaintiff failed to exhaust administrative remedies for any surviving claim against him prior to filing suit. (Dkt. #33.) Specifically, he asserts that TDCJ has a two-step grievance procedure for inmates' use and that the grievance procedures are provided to inmates in the Offender Orientation Handbook and on the grievance forms themselves. (*Id.* at 2–3 (citing TDCJ's Offender Orientation Handbook (rev. Feb. 2017), available at

https://www.tdcj.texas.gov/documents/Offender_Orientation_Handbook_English.pdf).)

In support of his motion, Spangler filed copies of all of Plaintiff's grievance documents from September 1, 2020, through December 17, 2021, certified under oath by the TDCJ records custodian for the Inmate Grievance Department. (Dkt. #34 at 2.) The grievance records establish

that Plaintiff filed a Step 1 grievance dated November 27, 2020, in which he asserted that Holt had pushed him, called him a racist epithet, and spat tobacco in his face. (Dkt. #34 at 30–31.) He further claimed that he was forced to wait in his cell for eleven hours with Holt's "saliva on his face and clothing due to Sgt. Spangler failure to collect the clothing as evidence or provide Mr. Tucker with the Requested DNA testing . . . resulting in a compleate [sic] denial of due process under the Fourteenth [14th] Amendment." (*Id*.) He asked for compensation and for "disciplinary action to be taken aginst [sic] Officer Holt after a DNA test establishes guilt." (*Id.* at 31.)

      In his Step 2 appeal from the determination that his grievance did not warrant any action, Plaintiff asserted that he had been "denied due process where the investigator failed to collect the stated evidence and present it to the Office of the Inspector General for Inspection." (*Id*. at 28.) Plaintiff repeated his desire for DNA testing "that would establish Officer Holt's guilt" and asserted that the failure to conduct such an investigation was "a gross miscarriage of justice." (*Id.*) In a written statement in support of his grievance, dated December 1, 2020, Plaintiff stated that "their [sic] was no officers to witness" Holt's mistreatment of him. (*Id.* at 40.) In a separate statement, dated December 2, 2020, Plaintiff stated that the tobacco caused his eyes to burn, and that, after spitting on him, Holt simply "closed the door and left." (*Id.* at 41.) Neither statement mentions Spangler or asserts that Plaintiff needed or requested medical attention.

      Spangler asserts that Plaintiff failed to grieve any refusal by him to facilitate any medical treatment as alleged in the amended complaint and that the Court has already found that the alleged failure to collect evidence for investigation fails to state a claim as a matter of law. (Dkt. #33 at 6.)

**III. Legal Standards**

A motion for summary judgment should be granted if the record, taken as a whole, "together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56; *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–25 (1986); *Ragas v. Tennessee Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998). The Supreme Court has interpreted the plain language of Rule 56 as mandating "the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322.

The party moving for summary judgment "must 'demonstrate the absence of a genuine issue of material fact,' but need not negate the elements of the nonmovant's case." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (*en banc*) (quoting *Celotex*, 477 U.S. at 323–25). A fact is material if it might affect the outcome of the suit under the governing law. *Merritt-Campbell, Inc. v. RxP Prods., Inc.*, 164 F.3d 957, 961 (5th Cir. 1999). Issues of material fact are "genuine" only if they require resolution by a trier of fact and if the evidence is such that a reasonable jury could return a verdict in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Merritt-Campbell, Inc.*, 164 F.3d at 961. If the moving party "fails to meet this initial burden, the motion must be denied, regardless of the nonmovant's response." *Little*, 37 F.3d at 1075.

If the movant meets this burden, Rule 56 requires the opposing party to go beyond the pleadings and to show by affidavits, depositions, answers to interrogatories, admissions on file, or other admissible evidence that specific facts exist over which there is a genuine issue for trial.

4

*EEOC v. Texas Instruments, Inc.*, 100 F.3d 1173, 1180 (5th Cir. 1996); *Wallace v. Texas Tech. Univ.*, 80 F.3d 1042, 1046–47 (5th Cir. 1996). The nonmovant's burden may not be satisfied by argument, conclusory allegations, unsubstantiated assertions, metaphysical doubt as to the facts, or a mere scintilla of evidence. *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 585 (1986); *Wallace*, 80 F.3d at 1047; *Little*, 37 F.3d at 1075.

When ruling on a motion for summary judgment, the Court is required to view all justifiable inferences drawn from the factual record in the light most favorable to the nonmoving party. *Matsushita*, 475 U.S. at 587; *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158–59 (1970); *Merritt-Campbell, Inc.*, 164 F.3d at 961. However, the Court will not, "in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts." *McCallum Highlands, Ltd. v. Washington Capital Dus, Inc.*, 66 F.3d 89, 92 (5th Cir. 1995), *as modified*, 70 F.3d 26 (5th Cir. 1995). Unless there is sufficient evidence for a reasonable jury to return a verdict in the opposing party's favor, there is no genuine issue for trial, and summary judgment must be granted. *Celotex*, 477 U.S. at 322–23; *Anderson*, 477 U.S. at 249–51; *Texas Instruments*, 100 F.3d at 1179.

**IV. Discussion and Analysis**

Congress enacted the Prison Litigation Reform Act (PLRA) in 1996, which mandated that no action shall be brought by a prisoner "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). It is well-settled that inmates must exhaust any and all administrative remedies before proceeding in federal court. *See Gonzalez v. Seal*, 702 F.3d 785, 787 (5th Cir. 2012) (explaining that pre-filing exhaustion is both mandatory and non-discretionary). The purpose of the prison exhaustion requirement is to "provide administrators with a fair opportunity under the circumstances to address the problem that will later form the basis of the suit." *See Bisby v. Garza*, 342 F. App'x 969, 971 (5th Cir. 2009); *see also Patterson v. Stanley*,

547 F. App'x 510, 511 (5th Cir. 2013) (explaining that the primary purpose of a grievance is to give prison officials fair opportunity to address the problem that will later form the basis of the lawsuit); *Johnson v. Johnson*, 385 F.3d 503, 516 (5th Cir. 2004) (interpreting the exhaustion requirement in light of its purposes, which "include the goal of giving officials time and opportunity to address complaints internally.") (internal quotations and citation omitted).

The exhaustion provision was unanimously upheld by the Supreme Court in *Booth v. Churner*, 532 U.S. 731 (2001). The Supreme Court subsequently held that exhaustion is mandatory and that the requirement will not be excused when an inmate fails to properly exhaust his administrative remedies. *Woodford v. Ngo*, 548 U.S. 81, 84 (2006). Proper exhaustion means that an inmate must not only pursue all available avenues of relief but must also comply with all administrative deadlines and procedural rules. *Id.* at 90–91. The Fifth Circuit recently reiterated the principle that "[p]re-filing exhaustion is mandatory, and the case must be dismissed if available administrative remedies were not exhausted." *Gonzalez v. Seal*, 702 F.3d 785, 788 (5th Cir. 2012). The Supreme Court elaborated further about the exhaustion requirement in *Jones v. Bock*, 549 U.S. 199 (2007). The Court explained that "[t]here is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court." *Id.* at 211. The Fifth Circuit has explained the procedures to be followed with regard to claims of failure to exhaust:

> As a final matter, we now provide a brief summary of how district courts should approach exhaustion questions under the PLRA. When the defendant raises exhaustion as an affirmative defense, the judge should usually resolve disputes concerning exhaustion prior to allowing the case to proceed on the merits. If the plaintiff survives summary judgment on exhaustion, the judge may resolve disputed facts concerning exhaustion, holding an evidentiary hearing if necessary.

*Dillon v. Rogers*, 596 F.3d 260, 272–73 (5th Cir. 2010). A prisoner's failure to exhaust certain claims before filing suit in federal court is fatal to those unexhausted claims only. *See Jones*, 549 U.S. at 924 ("There is no reason failure to exhaust on one [claim] necessarily affects any other.").

Defendant Spangler moves for summary judgment on the basis that Plaintiff has not exhausted administrative remedies. (Doc. No. 33.) Specifically, Spangler asserts that even though Plaintiff filed a grievance about the incident with Holt underlying the amended complaint, the grievance did not assert any failure by Spangler to provide medical assistance as he now alleges. Indeed, Plaintiff affirmatively stated in his grievance documents that no other staff were even present for the incident, so neither Spangler nor the prison officials reviewing the grievance were given any notice of or opportunity to address Spangler's alleged failure to facilitate prompt medical treatment.

As discussed above, the only involvement by Spangler included in Plaintiff's grievance documents is that he failed to collect evidence for an investigation against Holt. But, as Spangler correctly observes, the Court has already explained that individuals have no constitutional right to investigation or discipline of an alleged wrongdoer:

> [T]hat claim presumes that Plaintiff had some constitutional right to have his alleged attacker prosecuted or otherwise disciplined. That right does not exist. Citizens do not have any constitutional right to have another individual disciplined or prosecuted, even when the parties involved are inmates and correctional officers. *Oliver v. Jackson Corr. Ctr.*, No. 3:12-CV-2660, 2013 WL 596155, at *3 (W.D. La. Jan. 22, 2013), *report and recommendation adopted*, No. 3:12-CV-2660, 2013 WL 596153 (W.D. La. Feb. 15, 2013) (citing *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973), and *United States v. Batchelder*, 442 U.S. 114, 124 (1979)); *see also Williams v. Washington*, No. 96 C 0704, 1997 WL 201579, at *3 (N.D. Ill. Apr. 16, 1997) ("Williams had no legal right to have the correctional officers punished, or to have an investigation conducted."). Accordingly, any claim premised on the failure to take some action necessary to facilitate such discipline or prosecution fails to state a claim for a constitutional violation.

(Dkt. #10 at 3–4.) Plaintiff thus fails to state any constitutional claim in connection with the only allegation he arguably exhausted against Spangler.

**V. Conclusion**

Plaintiff has not provided any grievance records other than those filed by Spangler or otherwise established that he ever raised in an institutional grievance a viable claim against Spangler in connection with the incident in question. His conclusory indication in his amended complaint that he "exhausted all steps of the institutional grievance procedure" (Dkt. #8 at 3) is not sufficient to overcome Defendant Spangler's specific, concrete evidence to the contrary. Thus, a review of summary judgment evidence in this case, viewed in the light most favorable to Plaintiff, shows that the evidence before the Court could not lead to different factual findings and conclusions. In other words, summary judgment for Defendant Spangler is appropriate. The unrebutted summary judgment evidence establishes that Plaintiff failed to exhaust his required administrative remedies against Spangler prior to filing this lawsuit in federal court.

RECOMMENDATION

Accordingly, the undersigned recommends that Defendant Spangler's motion for summary judgment (Dkt. #33) be **GRANTED.** Plaintiff's claim against Spangler for failure to investigate should be **DISMISSED** with prejudice for failure to state a claim upon which relief can be granted, and the remaining claims against Spangler should be **DISMISSED** without prejudice for failure to exhaust administrative remedies.

Within fourteen (14) days after receipt of the Magistrate Judge's Report, any party may serve and file written objections to the findings and recommendations contained in the Report. A party's failure to file written objections to the findings, conclusions and recommendations contained in this Report within fourteen days after being served with a copy shall bar that party from *de novo* review by the district judge of those findings, conclusions and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and

legal conclusions accepted and adopted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

**So ORDERED and SIGNED this 23rd day of June, 2022.**

JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE