IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

EDWARD CHARLES TUCKER #1495137   §

VS.   §     CIVIL ACTION NO. 6:21cv249

JEFFREY M. HOLT, et al.   §

REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRTE JUDGE

Plaintiff Edward Charles Tucker, an inmate of the Texas Department of Criminal Justice (TDCJ), *pro se*, filed this complaint under 28 U.S.C. § 1983 complaining of alleged violations of his constitutional rights in prison. The lawsuit was referred to the undersigned United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Before the Court is the motion by Defendants Holt and Spangler for summary judgment on the merits of Petitioner's claims. (Dkt. #42.) Plaintiff has had ample opportunity to respond to the motion, which he did not do, and it is ripe for review. For the reasons explained below, the undersigned recommends that the motion be granted and that Defendants be granted summary judgment on the merits of Plaintiff's amended complaint.

**I. Background**

Plaintiff alleges in his amended complaint that Officer Jeffrey Holt used unreasonable force against him on November 26, 2020, by spitting tobacco in his face and eyes in TDCJ's Hodge Unit. (Dkt. #8 at 4.) He alleges that the substance caused burning, swelling, and irritation to his eyes, and that he needed to go to medical to have his eyes "flushed out." (*Id.*) But, according to the amended complaint, Officer Holt and Sergeant Mason Spangler refused him access to medical

1

treatment the night of the incident. (*Id.*) Finally, Plaintiff alleges that Spangler and Lori Glover refused or simply failed to "collect the evidence," i.e., his t-shirt, for investigation of Holt's actions. (*Id.*) He named Holt, Spangler, and Glover as defendants and sought compensatory damages of $50,000 from "each defendant jointly and severally," plus unspecified punitive damages. (*Id.*)

On October 26, 2021, the Court found that Plaintiff's claim of failure to collect evidence for investigation failed to state a claim for which relief could be granted and dismissed Glover from this action. (Dkt. ##15, 10.) Defendants Holt and Spangler were ordered to appear and respond to Plaintiff's amended complaint. (Dkt. #9.) Both Defendants filed answers. (Dkt. ##19, 28.)

Defendant Spangler filed a motion for summary judgment for failure to exhaust administrative remedies, along with relevant exhibits, on January 3, 2022. (Dkt. ##33, 34.) In a Report entered June 23, 2022, the undersigned has recommended that Spangler's motion be granted.

Defendants Holt and Spangler jointly filed a motion for summary judgment on the merits of Plaintiff's case, with relevant exhibits, on February 11, 2022. (Dkt. #42.) Despite the Court's prior admonition that responses to motions for summary judgment would be due within thirty days of their filing and that failure to respond to such a motion would reflect a lack of due diligence in prosecuting the case (Dkt. #9 at 3), Plaintiff has not responded to the motion.

## II. Defendants' Motion

For the purpose of their pending motion, Defendants assume the truth of Plaintiff's allegations that Holt pushed Plaintiff in the back on November 26, 2020, and spat tobacco in his face, causing his eyes to burn and swell. (Dkt. #42 at 3.) They further assume the truth of Plaintiff's

2

allegation that both Holt and Spangler refused him medical attention the night of the incident. (*Id.*)

They assert that they are nevertheless entitled to summary judgment on several grounds.

First, Defendants assert that Plaintiff is not entitled to compensatory damages because he did not suffer a physical injury as required by the Prison Litigation Reform Act (PLRA). (Dkt. #42 at 5.)

Defendants next assert that Plaintiff's claims for damages against them in their official capacities are barred by Eleventh Amendment immunity and that this Court lacks jurisdiction over those claims. (*Id.* at 6–7.)

And finally, Defendants assert that they are entitled to qualified immunity from Plaintiff's claims. (Dkt. #42 at 7–14.) In support of this position, they argue: (a) the alleged facts do not establish deliberate indifference to Plaintiff's medical needs (*id.* at 8–10); (b) the alleged facts do not establish unconstitutionally excessive force (*id.* at 10–12); (c) it was not clearly established that Defendants' actions violated Plaintiff's constitutional rights (*id.* at 12–13); and (d) Defendants' actions were objectively reasonable under existing law. (*Id.* at 13–14.)

### III. Legal Standards

A motion for summary judgment should be granted if the record, taken as a whole, "together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56; *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–25 (1986); *Ragas v. Tennessee Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998). The Supreme Court has interpreted the plain language of Rule 56 as mandating "the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to

that party's case, on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322.

The party moving for summary judgment "must 'demonstrate the absence of a genuine issue of material fact,' but need not negate the elements of the nonmovant's case." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc) (quoting *Celotex*, 477 U.S. at 323–25). A fact is material if it might affect the outcome of the suit under the governing law. *Merritt-Campbell, Inc. v. RxP Prods., Inc.*, 164 F.3d 957, 961 (5th Cir. 1999). Issues of material fact are "genuine" only if they require resolution by a trier of fact and if the evidence is such that a reasonable jury could return a verdict in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Merritt-Campbell, Inc.*, 164 F.3d at 961. If the moving party "fails to meet this initial burden, the motion must be denied, regardless of the nonmovant's response." *Little*, 37 F.3d at 1075.

If the movant meets this burden, Rule 56 requires the opposing party to go beyond the pleadings and to show by affidavits, depositions, answers to interrogatories, admissions on file, or other admissible evidence that specific facts exist over which there is a genuine issue for trial. *EEOC v. Texas Instruments, Inc.*, 100 F.3d 1173, 1180 (5th Cir. 1996); *Wallace v. Texas Tech. Univ.*, 80 F.3d 1042, 1046–47 (5th Cir. 1996). The nonmovant's burden may not be satisfied by argument, conclusory allegations, unsubstantiated assertions, metaphysical doubt as to the facts, or a mere scintilla of evidence. *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 585 (1986); *Wallace*, 80 F.3d at 1047; *Little*, 37 F.3d at 1075.

When ruling on a motion for summary judgment, the Court is required to view all justifiable inferences drawn from the factual record in the light most favorable to the nonmoving party. *Matsushita*, 475 U.S. at 587; *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158–59 (1970); *Merritt-*

*Campbell, Inc.*, 164 F.3d at 961. However, the Court will not, "in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts." *McCallum Highlands, Ltd. v. Washington Capital Dus, Inc.*, 66 F.3d 89, 92 (5th Cir. 1995), *as modified*, 70 F.3d 26 (5th Cir. 1995). Unless there is sufficient evidence for a reasonable jury to return a verdict in the opposing party's favor, there is no genuine issue for trial, and summary judgment must be granted. *Celotex*, 477 U.S. at 322–23; *Anderson*, 477 U.S. at 249–51; *Texas Instruments*, 100 F.3d at 1179.

## IV. Discussion and Analysis

### A.  Physical Injury Requirement

The Prison Litigation Reform Act bars federal lawsuits by prisoners seeking damages "for mental or emotional injury suffered while in custody without a prior showing of physical injury." *Buchanan v. Harris*, No. 20-20408, 2021 WL 4514694, at *2 (5th Cir. Oct. 1, 2021) (quoting 42 U.S.C. § 1997e(e)). Thus, "[i]n addition to establishing [a constitutional violation], a prisoner plaintiff requesting monetary damages must also establish a physical injury resulting from the acts of prison officials." *Curry v. Byrd*, No. 5:13CV196-DCB-MTP, 2016 WL 1068858, at *3 (S.D. Miss. Jan. 28, 2016), *report and recommendation adopted*, No. 513CV196DCBMTP, 2016 WL 1069093 (S.D. Miss. Mar. 17, 2016); *see also Carter v. McConnell Unit*, No. 2:14-CV-469, 2015 WL 1651233, at *6 (S.D. Tex. Apr. 14, 2015) (dismissing deliberate indifference claim because prisoner's complaint of "stress" did not satisfy the physical injury requirement of Section 1997e). Even where it is otherwise clear that an inmate states a claim for cruel and unusual punishment, his "suit is not actionable unless there exists a showing of physical injury." *Calhoun v. Hargrove*, 312 F.3d 730, 735 (5th Cir. 2002).

Defendants argue that Plaintiff's allegations of temporary burning and swelling are not sufficient to satisfy that requirement. (Dkt. #42 at 6.) They observe that when Plaintiff was seen in

the Unit Medical Department on December 7, 2020, less than two weeks after the November 26

incident, he denied having any present injury and required no treatment. (Dkt. #42 at 6; Dkt. #42-

4 at 5.) At a February 1, 2021 ophthalmology appointment about an unrelated issue, no injury to

Plaintiff's eyes was observed, and he denied any past trauma to his eyes other than injuries from a

fight in 2009. (Dkt. #42-2 at 21–22.) He was discharged that day "in no distress." (*Id.* at 26.) The

spitting incident thus caused, at worst, some short-term discomfort with no lasting injury.

   The Fifth Circuit has held that alleged injuries from being sprayed with mace including

"burning eyes and skin for approximately 24 hours, twitching of his eyes, blurred vision, irritation

of his nose and throat, blistering of his skin, [and] rapid heartbeat" are *de minimis* injuries.

*Bradshaw v. Unknown Lieutenant*, 48 F. App'x 106, 2002 WL 31017404, at \*1 (5th Cir. 2002)

(table, text in Westlaw). This Court, likewise, has held that "headache, breathing issues, and

choking" with no long-term effects from a fire and "coughing, headaches, and breathing problems"

without long-term effects from the allegedly excessive use of pepper spray are *de minimis* injuries

that do not satisfy applicable legal standards. *Whitaker v. Kempt*, No. 6:19CV349, 2021 WL

2388978, at \*\*6, 9 (E.D. Tex. May 20, 2021), *report and recommendation adopted*, No. 6:19-CV-

349-JDK-JDL, 2021 WL 2376364 (E.D. Tex. June 10, 2021); *see also Copous v. Natchitoches

Par. Det. Ctr.*, No. 1:21-CV-00038, 2021 WL 1777250, at \*2 (W.D. La. Apr. 12, 2021), *report

and recommendation adopted*, No. 1:21-CV-00038-P, 2021 WL 1759832 (W.D. La. May 4, 2021)

(dismissing prisoner complaint where "headaches and eye inflammation following the use of

Mace" were *de minimis* injuries insufficient to satisfy Section 1997e(e)).

   Plaintiff thus fails to satisfy the physical injury requirement of Section 1997e(e) in this

case, and his claim for compensatory damages must be dismissed on that basis. This holding alone,

however, would not bar his claim for punitive damages or a recovery of nominal damages.

*Hutchins v. McDaniels*, 512 F.3d 193, 198 (5th Cir. 2007). Accordingly, the Court proceeds to Defendants' other asserted grounds for summary judgment.

     B.  Eleventh Amendment Immunity

       Defendants are correct that to the extent Plaintiff seeks money damages from them in their official capacities, those claims are barred by the Eleventh Amendment. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989) (holding that state officials in their official capacities are not "persons" subject to suit under Section 1983); *Oliver v. Scott*, 276 F.3d 736, 742 (5th Cir. 2002) (explaining that "the Eleventh Amendment bars recovering § 1983 money damages from TDCJ officers in their official capacity"). Plaintiff only seeks compensatory and punitive damages in this case. (Dkt. #8 at 4.) Accordingly, any claims against the Defendants in their official capacities must be dismissed.

     C.  Excessive Force

       The use of excessive force against a convicted prisoner violates the Eighth Amendment to the Constitution. *Hudson v. McMillan*, 503 U.S. 1, 5 (1992). The "core judicial inquiry" into an Eighth Amendment claim of excessive force is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Martin v. Seal*, 510 F. App'x 309, 312 (5th Cir. 2013) (quoting *Hudson*, 503 U.S. at 7). The inquiry has two components: (1) an objective component focusing on whether the alleged wrongdoing was non-trivial and harmful enough to violate the constitution; and (2) a subjective component focusing on the mental state of the alleged wrongdoer. *Hudson*, 503 U.S. at 7–8. The factors considered include "the extent of injury suffered, the need for application of force, the relationship between that need and the amount of force used, the threat reasonably perceived by the responsible officials, and any efforts made to temper the severity of a forceful response." *Cowart v. Erwin*, 837 F.3d 444, 453

(5th Cir. 2016) (quoting *Hudson*, 503 U.S. at 7). A plaintiff need not show significant injury, although the extent of the injury may supply insight as to the amount of force applied. *Id.*

Spitting in an inmate's face is bad-mannered and unpleasant. But not "every malevolent touch by a prison guard gives rise to a federal cause of action." *Hudson*, 503 U.S. at 9. The Supreme Court instructs that "[t]he Eighth Amendment's prohibition of 'cruel and unusual' punishments necessarily excludes from constitutional recognition *de minimis* uses of physical force, provided that the use of force is not of a sort 'repugnant to the conscience of mankind.'" *Id.* (quoting *Whitley v. Albers*, 475 U.S. 312, 327 (1986)).

Accordingly, federal courts around the country have held that a single instance of an officer's spitting on an inmate is not the type of wanton use of force that will constitute an Eighth Amendment violation. The United States Court of Appeals for the Second Circuit recently affirmed entry of summary judgment for the defendant in such a case, holding that "the alleged verbal harassment and spitting were insufficient to state an Eighth Amendment claim." *Animashaun v. Regner*, No. 20-863-PR, 2021 WL 4472665, at \*2 (2d Cir. Sept. 30, 2021), *cert. denied*, No. 21-7517, 2022 WL 1295777 (U.S. May 2, 2022); *see also Hilton v. Sec'y for Dep't of Corr.*, 170 F. App'x 600, 604 (11th Cir. 2005) (affirming dismissal of excessive force claim where plaintiff "does not contest the district court's finding that the tobacco spitting incident . . . caused him only a *de minimus* injury").

In one instructive case the prisoner-plaintiff alleged that he contracted the H-Pylori virus from an officer's spitting in his face. *Eaglin v. Cartledge*, No. CV 0:14-4003-TLW-PJG, 2016 WL 8674594, at \*1 (D.S.C. Jan. 22, 2016), *report and recommendation adopted*, No. 014CV04003TLWPJG, 2016 WL 1253177 (D.S.C. Mar. 31, 2016). The court granted summary judgment to the defendant on that claim, holding that, even if the plaintiff could prove a connection

between the spitting incident and his infection, his "excessive force claim . . . fails as a matter of law" and that "no reasonable jury could find [the defendant] liable to [the plaintiff] for the use of excessive force" on those facts. *Id.* at *7–8.

Another inmate alleged that an officer "assaulted Plaintiff by spitting chewing tobacco into Plaintiff's face and right eye," causing the plaintiff to suffer "extreme pain, stinging, and burning in his right eye," six hours of blindness in his right eye, and days of severe headaches. *Williams v. Hesse*, No. 916CV01343GTSTWD, 2018 WL 1363759, at *2 (N.D.N.Y. Feb. 2, 2018), *report and recommendation adopted*, No. 916CV1343GTSTWD, 2018 WL 1324950 (N.D.N.Y. Mar. 14, 2018). The court collected similar cases and found that those facts did not even state a viable claim for relief:

> Defendants argue this single incident does not constitute excessive force. (Dkt. No. 18-1 at 9.) The Court agrees.
>
> "As a matter of law, a single incident of spitting does not constitute excessive force." *Tafari v. McCarthy*, 714 F.Supp.2d 317, 348 (N.D.N.Y. 2010) (Hurd, J.) (citations omitted) (finding that corrections officer who spat chewing tobacco in the face of a prisoner did not violate the Eighth Amendment); *see*, *e.g.*, *Greene v. Mazzuca*, 485 F.Supp.2d 447, 451 (S.D.N.Y. 2007) (holding that yelling, spitting at and threatening an inmate do not "rise to the level at which prevailing doctrine sets the constitutional bar to establish cruel and unusual punishment"); *Headley v. Fisher*, No. 06 CV 6331, 2008 WL 1990771, at *14 (S.D.N.Y. May 7, 2008) (holding that spitting in the inmate's face, slapping and pushing did not give rise to the claim of excessive force).

*Id.* at *8; *see also Watson v. Dunn*, No. 15-CV-2582, 2016 WL 1170752, at *2 (W.D. La. Jan. 12, 2016), *report and recommendation adopted*, No. 15-CV-2582, 2016 WL 1230638 (W.D. La. Mar. 23, 2016) ("In this case, the alleged wrongdoing—spitting [tobacco] one time on Plaintiff—even if intentional, was not harmful enough to establish a constitutional violation."); *McBride v. Ausbie*, No. 3:14-CV-317-M, 2014 WL 5032720, at *3 (N.D. Tex. Oct. 8, 2014) ("Verbal threats, name calling, and threatening gestures by prison guards do not amount to a constitutional violation, and neither does an officer's allegedly once spitting on a prisoner.); *Curry v. Horton*, No.

518CV01939ACASGC, 2020 WL 7416935, at \*4 (N.D. Ala. Nov. 3, 2020), *report and recommendation adopted*, No. 518CV01939ACASGC, 2020 WL 7401627 (N.D. Ala. Dec. 17, 2020) ("The evidence presented here—a single instance of spitting and slapping—does not constitute a malicious and sadistic application of force repugnant to the conscience."); *Sheils v. Rock*, 9:04CV861, 2008 WL 907320, at \*9 (N.D.N.Y. Mar. 31, 2008) (holding that officers' spitting chewing tobacco in prisoner's face and eyes, "although vulgar and inappropriate, would not rise to the level of a constitutional violation.").

In this case both Holt's action—spitting—and Plaintiff's resulting injury were *de minimis* to the point of being trivial. Accordingly, while Holt's behavior was unnecessary and does not appear to have been in response to any threat, the balance of the *Hudson* factors dictates, as a matter of law, that this incident did not rise to the level of an Eighth Amendment violation.

The Court observes that Plaintiff alleged in his original complaint that Holt also "nudge[d] Tucker in the back" before spitting on him. (Dkt. #1 at 3.) That "nudge" was not alleged to have caused any injury, and it was omitted from Plaintiff's amended complaint. (Dkt. #8 at 3–4.) However, as Defendants have acknowledged the truth of that fact in their motion (Dkt. #42 at 3), the Court will address it out of an abundance of caution.

Under the Eighth Amendment standards explained above, "[a]n inmate who complains of a 'push or shove' that causes no discernible injury almost certainly fails to state a valid excessive force claim." *Wilkins v. Gaddy*, 559 U.S. 34, 38 (2010). Even where a prisoner complained that a guard "pushed [him] hard" enough to bruise his arm, the United States Court of Appeals for the Seventh Circuit held that "[a] single shove that results in bruising is *de minimis* force that will not support a claim of excessive force." *Jones v. Walker*, 358 F. App'x 708, 713 (7th Cir. 2009); *see also Vasquez v. Georgia*, No. CV 106-049, 2006 WL 1776238, at \*2 (S.D. Ga. June 26, 2006)

10

(dismissing Section 1983 suit where "the Court is not persuaded that Defendant Smith's alleged single shove, however unnecessary it might have been, amounted to cruel and unusual punishment in violation of the Eighth Amendment"). Accordingly, a single "nudge" that resulted in no injury at all is clearly insufficient to establish an Eighth Amendment violation.

    D.  Deliberate Indifference

Deliberate indifference to an inmate's serious medical needs constitutes a violation of the Eighth and Fourteenth Amendments and thus states a cause of action under Section 1983. *See Hare v. City of Corinth, Miss.*, 74 F.3d 633, 647 (5th Cir. 1996) (observing that "the Supreme Court has consistently adhered to a deliberate indifference standard in measuring convicted prisoners' Eighth Amendment rights to medical care and protection from harm"); *Jackson v. Cain*, 864 F.2d 1235, 1244 (5th Cir. 1989) (applying Eighth Amendment standard in case brought by convicted prisoner). In *Farmer v. Brennan*, 511 U.S. 825, 835 (1994), the Supreme Court explained that deliberate indifference involves more than mere negligence. The Court concluded that "a prison official cannot be found liable . . . unless the official knows of and disregards an excessive risk to inmate health or safety; . . . the official must be both aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837.

Thus, like the Eighth Amendment standard for excessive force discussed above, the Eighth Amendment standard for deliberate indifference has both an objective and subjective prong. *Id.* at 839. Under the objective prong, the inmate "must first prove objective exposure to a substantial risk of serious harm." *Trevino v. Livingston*, No. 3:14-CV-52, 2017 WL 1013089, at \*3 (S.D. Tex. Mar. 13, 2017) (citing *Gobert v. Caldwell*, 463 F.3d 339, 345-46 (5th Cir. 2006)). "A serious medical need is one for which treatment has been recommended or for which the need is so

apparent that even laymen would recognize that care is required." *Gobert*, 463 F.3d at 345 n.12.

To prove the subjective prong of the deliberate indifference test, the inmate "must establish that the defendants were aware of an excessive [or substantial] risk to the plaintiff's health or safety, and yet consciously disregarded the risk." *Cook v. Crow*, No. 1:20-CV-85, 2021 WL 6206795, at *3 (E.D. Tex. July 26, 2021) (citing *Farmer*, 511 U.S. at 397 and *Calhoun v. Hargrove*, 312 F.3d 730, 734 (5th Cir. 2002)). The Fifth Circuit has discussed the high standard involved in demonstrating deliberate indifference as follows:

> Deliberate indifference is an extremely high standard to meet.  It is indisputable that an incorrect diagnosis by medical personnel does not suffice to state a claim for deliberate indifference.  *Johnson v. Treen*, 759 F.2d 1236, 1238 (5th Cir. 1985).  Rather, the plaintiff must show that the officials "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs." *Id.* Furthermore, the decision whether to provide additional treatment "is a classic example of a matter for medical judgment." *Estelle* [*v. Gamble*], 429 U.S. [97,] at 107 [(1976)]. And, the "failure to alleviate a significant risk that [the official] should have perceived, but did not" is insufficient to show deliberate indifference. *Farmer*, 511 U.S. at 838.

*Domino v. Texas Dep't of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001).

Plaintiff's deliberate indifference claim fails at both steps of this analysis. First, his "burning swelling and irritation" in his eyes did not constitute the substantial risk of serious harm required by the objective prong. *See Winfrey v. Vannoy*, No. CV 16-806-BAJ-EWD, 2019 WL 3308427, at *3 (M.D. La. June 6, 2019), *report and recommendation adopted*, No. CV 16-00806-BAJ-EWD, 2019 WL 3307835 (M.D. La. July 23, 2019) (dismissing because "generally unpleasant side effects [of exposure to mace] do not constitute a serious medical need"); *Hudson v. Gusman*, No. CIV.A. 11-963, 2014 WL 906155, at *6 (E.D. La. Mar. 7, 2014) (injuries including "skin irritation from the mace at the time of the incident" did not constitute serious medical need); *Censke v. Ekdahl*, No. 2:08-cv-283, 2009 WL 1393320, at *8 (W.D. Mich. May 18, 2009)

(plaintiff's complaints of "burning  in his nose, lungs, eyes and skin . . . do not constitute a serious medical need for purposes of the Eighth Amendment"). Plaintiff does not describe his symptoms as severe or long-lasting, and the medical evidence in the record establishes that any injury had healed without medical intervention in less than two weeks. His *de minimis* injury simply did not establish a serious medical need.

Accordingly, even if Tucker and/or Spangler were subjectively aware that Plaintiff's eyes were burning and irritated, that did not make them subjectively aware that he had any serious medical need.[1] Plaintiff cannot prove a constitutional violation in connection with any medical needs in the context of this incident, and Defendants are entitled to summary judgment on this claim.

## V. Conclusion

A review of summary judgment evidence in this case, viewed in the light most favorable to Plaintiff, shows that the evidence before the Court could not lead to different factual findings and conclusions. In other words, summary judgment for Defendants is appropriate.

Because Plaintiff cannot establish that either Defendant violated his constitutional rights, the Court has no need to address Defendants' claim of qualified immunity. *Hathaway v. Bazany*, 507 F.3d 312, 320 (5th Cir. 2007) ("Only after having found a constitutional violation may a court

---

[1]      Defendants also maintain that Plaintiff did not require medical attention because he "had access to a sink in his cell" to rinse out his own eyes. (Dkt. #42 at 10.) However, their support for this assertion is a single line in the TDCJ Offender Orientation Handbook requiring all prisoners to "report problems with cell, wing or dorm toilets, sinks, electrical plugs, lights, or other similar items to the correctional officer on duty." Texas Department of Criminal Justice Offender Orientation Handbook (rev. Feb. 2017) at 14, available at https://www.tdcj.texas.gov/documents/Offender_Orientation_Handbook_English.pdf (last visited July 9, 2022). That text does not support Defendants' assertion about a sink in Plaintiff's cell. Plaintiff's access to running water in his cell may be true, and it would be a fact in Defendants' favor; but they have not submitted competent evidence to prove it. In the absence of competent evidence, the Court must construe the facts in the light most favorable to Plaintiff. For the reasons explained herein, however, Defendants' failure on this issue does not affect the outcome of this case.

then consider whether the right in question was clearly established at the time of the violation such that a reasonable person would have known of it. Because we conclude that [plaintiff's] constitutional rights were not violated in this case, we have no call to reach the second part of the qualified immunity analysis." (Citation omitted)); *Wise v. Rupert*, No. CIV.A. 3:03-CV-293L, 2004 WL 2049311, at *3 (N.D. Tex. Sept. 14, 2004) ("A court need not undergo a qualified immunity analysis before addressing the merits of a claim when the evidence establishes that the movant is entitled to judgment as a matter of law on the merits. . . . In other words, if no constitutional violation is alleged or established, it is unnecessary to address the issue of qualified immunity.").

## RECOMMENDATION

Accordingly, the undersigned recommends that Defendants' motion for summary judgment (Dkt. #42) be **GRANTED.** Plaintiff's claims against Spangler and Holt should be dismissed on the merits.

Within fourteen (14) days after receipt of the Magistrate Judge's Report, any party may serve and file written objections to the findings and recommendations contained in the Report. A party's failure to file written objections to the findings, conclusions and recommendations contained in this Report within fourteen days after being served with a copy shall bar that party from *de novo* review by the district judge of those findings, conclusions and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

**So ORDERED and SIGNED this 11th day of July, 2022.**

14

JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE